IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **REALTIME DATA, LLC d/b/a/ IXO,** § | | |
| § | | |
| Plaintiff, § | | Civil Action No. 6:10-cv-425 |
| § | | |
| vs. § | | JURY TRIAL DEMANDED |
| § | | |
| **THOMSON REUTERS CORP.,** § | | |
| **ET AL. (III),** § | | |
| § | | |
| Defendants. § | | |
| § | | |

**DEFENDANT INTERACTIVE DATA CORPORATION'S ANSWER AND
COUNTERCLAIMS IN RESPONSE TO REALTIME DATA, LLC'S FIRST AMENDED
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Interactive Data Corporation ("IDCO") hereby answers the First Amended Complaint for Patent Infringement ("the Complaint") of Realtime Data, LLC ("Realtime"), originally filed on August 17, 2010, in Civil Action No. 6:10-cv-425.

**THE PARTIES**

1.   IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, and therefore denies them.

2.   IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint, and therefore denies them.

3.   IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint, and therefore denies them.

4.   IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint, and therefore denies them.

5.   IDCO admits that Interactive Data Corporation is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 32 Crosby

Drive, Bedford, Massachusetts.  IDCO admits that it is registered to do business in the State of Texas.  IDCO admits that it is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N. St. Paul Street, Dallas, Texas.  Except as expressly admitted herein, IDCO denies each and every allegation in paragraph 5 of the Complaint.

6. IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint, and therefore denies them.

7. IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, and therefore denies them.

8. IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint, and therefore denies them.

9. IDCO admits that in paragraph 9 of the Complaint, the Complaint states that Thomson Reuters, Bloomberg, FactSet, IDCO, Penson, and Nexa are collectively referred to herein as the "Defendants."  Except as expressly admitted herein, IDCO denies each and every allegation in paragraph 9 of the Complaint that is directed at IDCO.  To the extent that the allegations of paragraph 9 of the Complaint are directed at parties other than IDCO, IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

## JURISDICTION AND VENUE

10. IDCO admits that the Complaint purports to allege an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.  IDCO admits that the Complaint alleges that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, but IDCO denies any wrongdoing or infringement.  Except as expressly admitted herein, IDCO denies each and every allegation in paragraph 10 of the Complaint.

11. IDCO admits that the Complaint alleges that this Court has personal jurisdiction over IDCO.  IDCO admits that it conducts business in the United States and the State of Texas.

Except as expressly admitted herein, IDCO denies each and every allegation in paragraph 11 of the Complaint that is directed at IDCO.  To the extent that the allegations of paragraph 11 of the Complaint are directed at parties other than IDCO, IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

12.     IDCO admits that the Complaint alleges that venue in this Judicial District is proper under 28 U.S.C. §§ 1391 and 1400(b).  IDCO admits that it has conducted business in this Judicial District.  Except as expressly admitted herein, IDCO denies each and every allegation in paragraph 12 of the Complaint that is directed at IDCO.  To the extent that the allegations of paragraph 12 of the Complaint are directed at parties other than IDCO, IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

**FACTS**

13.     IDCO admits that United States Patent No. 7,777,651 ("the '651 Patent") states on its cover page that it is entitled "System And Method For Data Feed Acceleration And Encryption," and that the Date of Patent is August 17, 2010.  Except as expressly admitted herein, IDCO denies each and every allegation in paragraph 13 of the Complaint.

14.     IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint, and therefore denies them.

15.     IDCO admits that it conducts business within this Judicial District and elsewhere.  Except as expressly admitted herein, IDCO denies each and every allegation in paragraph 15 of the Complaint that is directed at IDCO.  To the extent that the allegations of paragraph 15 of the Complaint are directed at parties other than IDCO, IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

**COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 7,777,651**

16.     IDCO incorporates the responses to the allegations contained in paragraphs 1-15 above as if fully set forth herein.

17. IDCO denies each and every allegation contained in paragraph 17 of the Complaint that is directed at IDCO.  To the extent that the allegations of paragraph 17 of the Complaint are directed at parties other than IDCO, IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

18. IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint, and therefore denies them.

19. IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint, and therefore denies them.

20. IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint, and therefore denies them.

21. IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint, and therefore denies them.

22. IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint, and therefore denies them.

23. IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint, and therefore denies them.

24. IDCO denies each and every allegation contained in paragraph 24 of the Complaint.

25. IDCO denies each and every allegation contained in paragraph 25 of the Complaint.

26. IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint, and therefore denies them.

27. IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint, and therefore denies them.

28. Paragraph 28 of the Complaint contains a legal conclusion to which IDCO need not respond.  To the extent that paragraph 28 contains a factual allegation, IDCO denies each and every allegation in paragraph 28 of the Complaint.

29.     IDCO denies each and every allegation contained in paragraph 29 of the Complaint that is directed at IDCO.  To the extent that the allegations of paragraph 29 of the Complaint are directed at parties other than IDCO, IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

30.     IDCO denies each and every allegation contained in paragraph 30 of the Complaint that is directed at IDCO.  To the extent that the allegations of paragraph 30 of the Complaint are directed at parties other than IDCO, IDCO is without knowledge sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

31.     The '651 Patent is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, 112, and 282.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

32.     IDCO has not infringed and does not infringe any of the claims of the '651 Patent, either literally or under the doctrine of equivalents, and has not contributorily infringed, and has not induced infringement of the '651 Patent.

### THIRD AFFIRMATIVE DEFENSE
### (Prosecution Estoppel)

33.     Realtime is estopped, by virtue of the cancellations, amendments, representations, and concessions made to the Patent and Trademark Office during the prosecution of the '651 Patent, from construing any claim of that patent to have been infringed by IDCO.

### FOURTH AFFIRMATIVE DEFENSE
### (Prosecution Laches)

34.     Realtime's claims for relief are barred by the doctrine of prosecution laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

35. Realtime's claims for relief are barred by the doctrines of acquiescence, estoppel, waiver, unclean hands, and express and/or implied license.

### SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

36. Realtime is precluded from recovering any damages for any alleged infringement that occurred more than six years prior to the commencement of this action, pursuant to 25 U.S.C. § 286.

### SEVENTH AFFIRMATIVE DEFENSE
### (Marking)

37. Any claim for damages for alleged patent infringement by Realtime is limited, by failure to mark pursuant to 35 U.S.C. § 287, to those damages occurring only after the notice of alleged infringement.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

38. Realtime's purported claims are barred because they fail to state a claim upon which relief may be granted.

### NINTH AFFIRMATIVE DEFENSE
### (Injunctive Relief Improper)

39. Realtime is not entitled to injunctive relief because it has not suffered any immediate or irreparable injury; Realtime has an adequate remedy at law for any alleged injury; no remedy in equity is warranted considering the balance of hardships; and the public interest favors allowing IDCO to continue to make, sell, offer to sell, and distribute its products.

### TENTH AFFIRMATIVE DEFENSE
### (Standing)

40. To the extent that Realtime does not own all the rights to the '651 Patent, Realtime's complaint must be dismissed for lack of standing.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

41.     IDCO reserves the right to add defenses which may be supported by the facts upon the completion of discovery.

## **PRAYER FOR RELIEF ON REALTIME'S FIRST AMENDED COMPLAINT**

WHEREFORE, IDCO prays for judgment against Realtime on Realtime's First Amended Complaint, as follows:

A.     That Realtime take nothing by its claims for relief;

B.     That Realtime's claims for relief be dismissed with prejudice;

C.     That the Court enter judgment against Realtime and in favor of IDCO in all respects;

D.     That the Court determine that this is an exceptional case under 35 U.S.C. § 285, and award attorneys' fees and costs to IDCO in this action; and

E.     For such and other further relief as the court deems just and equitable.

## **IDCO'S COUNTERCLAIMS**

IDCO brings these Counterclaims against Realtime pursuant to Rule 13 of the Federal Rules of Civil Procedure, and alleges as follows:

## **THE PARTIES**

42.     Interactive Data Corporation ("IDCO"), is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 32 Crosby Drive, Bedford, Massachusetts.

43.     Upon information and belief, Realtime Data, LLC ("Realtime") is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 15 West 36th Street, New York, New York.

## NATURE OF THE COUNTERCLAIMS

44. These are counterclaims for a declaratory judgment that IDCO does not infringe, directly or indirectly, U.S. Patent No. 7,777,651 ("the '651 Patent"), and that the claims of the '651 Patent are invalid.

45. Realtime alleges in its First Amended Complaint ("the Complaint") that it is the owner of all right, title, and interest in and to the '651 Patent, and further alleges that IDCO infringes the '651 Patent. IDCO denies that it infringes any claim of the '651 Patent, and alleges that the claims of the '651 Patent are invalid.

46. As a consequence of the foregoing, an actual controversy has arisen and exists between IDCO and Realtime as to whether IDCO infringes the '651 Patent and whether the '651 Patent is valid.

## JURISDICTION

47. These Counterclaims arise under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and because a justiciable case and actual controversy has arisen and exists between IDCO and Realtime. In particular, Realtime has filed a Complaint alleging that IDCO infringes the '651 Patent.

48. This Court has personal jurisdiction over Realtime because, among other things, Realtime has submitted to the jurisdiction of the Court by the filing of its complaint in this action.

49. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b). Venue is further proper in the Tyler Division.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '651 Patent)**

50. IDCO incorporates by reference paragraphs 1 – 49 above.

51.     IDCO has not infringed and does not infringe any valid and enforceable claim of the '651 Patent, either literally or under the doctrine of equivalents, and has not contributorily infringed, and has not induced infringement of the '651 Patent.

52.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, IDCO requests a declaration by the Court that it does not infringe any claim of the '651 Patent, either directly or indirectly.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '651 Patent)

53.     IDCO incorporates by reference paragraphs 1 – 52 above.

54.     The '651 Patent is invalid for failing to comply with one or more of the provisions of the Patent Laws of the United States of America, Title 35, United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 282.

55.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, IDCO requests a declaration by the Court that the '651 Patent is invalid.

## PRAYER FOR RELIEF ON IDCO'S COUNTERCLAIMS

WHEREFORE, IDCO prays for judgment on IDCO's Counterclaims as follows:

A.     That Realtime take nothing by its Complaint;

B.     That Realtime's Complaint be dismissed with prejudice;

C.     That the Court enter judgment against Realtime and in favor of IDCO in all respects;

D.     That the Court enter a judicial declaration and determination that IDCO has not infringed, induced others to infringe, or contributed to the infringement of any of the claims in the '651 Patent;

E.     That the Court enter a judicial declaration and determination that the '651 Patent is invalid;

F. That the Court determine that this is an exceptional case under 35 U.S.C. § 285, and that the Court award attorneys' fees and costs to IDCO in this action; and

G. For such other and further relief as the Court deems just and equitable.

## JURY DEMAND

IDCO hereby demands a trial by jury on all issues.

Dated: September 28, 2010           Respectfully submitted,

By: */s/ Elizabeth L. DeRieux*
     Elizabeth L. DeRieux

     Elizabeth L. DeRieux (TX #05770585)
     CAPSHAW DeRIEUX, L.L.P.
     *Lead Attorney*
     1127 Judson Road, Suite 220
     P.O. Box 3999
     Longview, Texas 75606-3999
     Phone: (903) 236-9800
     Facsimile: (903) 236-8787
     Email: ederieux@capshawlaw.com

     Benjamin W. Hattenbach (*pro hac vice*)
     Mark A. Kressel (*pro hac vice*)
     IRELL & MANELLA LLP
     1800 Avenue of the Stars, Suite 900
     Los Angeles, California 90067-4276
     Telephone: (310) 277-1010
     Facsimile: (310) 203-7199
     Email: bhattenbach@irell.com
     Email: mkressel@irell.com

*Counsel for Defendant and Counterclaim-Plaintiff Interactive Data Corporation*

- 11 -

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on September 28, 2010. As such, this pleading was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

                                                        */s/ Elizabeth L. DeRieux*
                                                        Elizabeth L. DeRieux