UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 0 9 2012
```

---------------------------------------------------------X
REALTIME DATA, LLC d/b/a IXO, §
§
Plaintiff, §
§ No. 11 Civ. 6698 (KBF)
v. § No. 11 Civ. 6700 (KBF)
§ No. 11 Civ. 6703 (KBF)
THOMSON REUTERS CORPORATION, et al., §
§
§
Defendants. §
---------------------------------------------------------X

## FINAL JUDGMENT
## PURSUANT TO FED. R. CIV. P. 54(b)

Plaintiff Realtime Data, LLC d/b/a IXO ("Realtime") brought the above-captioned Actions (the "Action") against Defendants Thomson Reuters Corporation ("Thomson Reuters"), FactSet Research Systems Inc. ("FactSet"), Bloomberg L.P. ("Bloomberg") and Interactive Data Corporation ("IDC") (collectively, the "Data Provider Defendants"), alleging that the Data Provider Defendants infringe U.S. Patent Nos. 7,417,568 (the "'568 Patent"), 7,777,651 (the "'651 Patent") and 7,714,747 (the "'747 Patent").

On June 22, 2012, the Court issued an Opinion and Order (*Markman*) in this Action (D.I. No. 371 in Case No. 11 Civ. 6698).

On June 27, 2012, the Court issued an Opinion and Order (Partial Motion for Summary Judgment re: Data Decompression) (D.I. No. 376 in Case No. 11 Civ. 6698) in this Action finding that claims 1, 7, 8 and 13 of the '747 Patent, and claims 1, 4, 6, 7 and 12 of the '651 Patent are invalid under 35 U.S.C. § 112, first and second paragraphs, for failure to comply with the definiteness and written description requirements.

1

On September 24, 2012, the Court issued an Opinion and Order (D.I. No. 456 in Case No. 11 Civ. 6698) in this Action granting certain motions for summary judgment of non-infringement filed or joined by Defendants in this Action and the related actions (with which this Action was consolidated for pre-trial proceedings) *Realtime Data, LLC d/b/a IXO v. Morgan Stanley, et al.* (Case Nos. 11 Civ. 6696, 6701, 6704) and *Realtime Data, LLC d/b/a IXO v. Thomson Reuters, et al.* (Case Nos. 11 Civ. 6698, 6700, 6703) (the "Related Actions"), and finding that all of the Data Provider Defendants' accused instrumentalities fail to meet one or more of the elements of each asserted claim of the '651 Patent.

On November 9, 2012, the Court issued a Supplemental Order granting certain additional motions for summary judgment of non-infringement filed or joined by Defendants in this Action and the Related Actions.

The Court's Opinions and Orders resolve the claims brought by Realtime in its pleadings against each Data Provider Defendant in this Action, and there being no just reason for delay, pursuant to Federal Rule of Civil Procedure 54(b), the Court hereby enters Final Judgment of non-infringement and invalidity of the specific patent claims addressed in the subject Opinion and Orders referenced above, including as follows:

- Data Provider Defendant Bloomberg does not infringe claims 95, 97, 108 and 112 of the '651 Patent because none of Bloomberg's accused instrumentalities meets the claim element "analyses of content of the data blocks;"

- Data Provider Defendant Bloomberg does not infringe claims 95, 97, 108 and 112 of the '651 Patent because none of Bloomberg's accused instrumentalities meets the claim element "the lossless encoders are selected;"

- Data Provider Defendant Bloomberg does not infringe claims 95, 97, 108 and 112 of the '651 Patent because none of Bloomberg's accused instrumentalities meets the claim element "descriptors indicate;"

- Data Provider Defendant Bloomberg does not infringe claims 95, 97, 108 and 112 of the '651 Patent because for Bloomberg's accused instrumentalities, Bloomberg does not perform (or directly control another who performs) the claim limitation "wherein the lossless encoders are selected based on analyses of content of the data blocks;"

- Data Provider Defendant FactSet does not infringe claims 95, 97, 108 and 112 of the '651 Patent because none of FactSet's accused instrumentalities meets the claim element "analyses of content of the data blocks;"

- Data Provider Defendant FactSet does not infringe claims 95, 97, 108 and 112 of the '651 Patent because none of FactSet's accused instrumentalities meets the claim element "the lossless encoders are selected;"

- Data Provider Defendant FactSet does not infringe claims 95, 97, 108 and 112 of the '651 Patent because none of FactSet's accused instrumentalities meets the claim element "descriptors indicate;"

- Data Provider Defendant FactSet does not infringe claims 95, 97, 108 and 112 of the '651 Patent because for FactSet's accused instrumentalities, FactSet does not perform (or directly control another who performs) the claim limitation "wherein the lossless encoders are selected based on analyses of content of the data blocks;"

- Data Provider Defendant IDC does not infringe claims 95, 97, 108 and 112 of the '651 Patent because none of IDC's accused instrumentalities meets the claim element "analyses of content of the data blocks;"

- Data Provider Defendant IDC does not infringe claims 95, 97, 108 and 112 of the '651 Patent because none of IDC's accused instrumentalities meets the claim element "the lossless encoders are selected;"

- Data Provider Defendant IDC does not infringe claims 95, 97, 108 and 112 of the '651 Patent because none of IDC's accused instrumentalities meets the claim element "descriptors indicate;"

- Data Provider Defendant IDC does not infringe claims 95, 97, 108 and 112 of the '651 Patent because for IDC's accused instrumentalities, IDC does not perform (or directly control another who performs) the claim limitation "wherein the lossless encoders are selected based on analyses of content of the data blocks;"

- Data Provider Defendant Thomson Reuters does not infringe claims 95, 97, 108 and 112 of the '651 Patent because none of Thomson Reuters's accused instrumentalities meets the claim element "analyses of content of the data blocks;"

- Data Provider Defendant Thomson Reuters does not infringe claims 95, 97, 108 and 112 of the '651 Patent because none of Thomson Reuters's accused instrumentalities meets the claim element "the lossless encoders are selected;"

- Data Provider Defendant Thomson Reuters does not infringe claims 95, 97, 108 and 112 of the '651 Patent because none of Thomson Reuters's accused instrumentalities meets the claim element "descriptors indicate;"

- Data Provider Defendant Thomson Reuters does not infringe claims 95, 97, 108 and 112 of the '651 Patent because for Thomson Reuters's accused instrumentalities, Thomson Reuters does not perform (or directly control another who performs) the claim limitation "wherein the lossless encoders are selected based on analyses of content of the data blocks;" and

- Claims 1, 7, 8 and 13 of the '747 Patent and claims 1, 4, 6, 7 and 12 of the '651 Patent are invalid under 35 U.S.C. § 112, first and second paragraphs, for failure to comply with the definiteness and written description requirements.

Further, the Court hereby enters Final Judgment that Realtime is precluded from asserting infringement under the doctrine of equivalents through its expert or any related testimony. (August 2, 2012 Memorandum and Order (D.I. No. 419 in Case No. 11 Civ. 6698).) Realtime has also represented to the Data Provider Defendants that it is not pursuing indirect infringement against the Data Provider Defendants.

Furthermore, since the effect of this Final Judgment resolves liability as to the Data Provider Defendants' accused instrumentalities, the Court hereby dismisses as moot and without prejudice any remaining, unresolved counter-claims and affirmative defenses raised by any party in this Action. For purposes of clarity, the Data Provider Defendants reserve all rights to urge affirmance on any ground supported by the record and advanced in the trial court.

Further, it is ordered that, to the extent not granted or denied by an existing Court Order, all currently pending motions and joinders thereto are denied without prejudice, with leave to renew if an appropriate time arises.

Finally, notwithstanding the above, this Court retains jurisdiction to hear any attorneys' fees motions brought by the Data Provider Defendants in this Action. The Court will set a

briefing schedule for those motions in due course. Accordingly, in the interim, the parties' time to file such motions under Federal Rule of Civil Procedure 54(d)(2)(B) is hereby extended to such date as the Court will set in the future.

SO ORDERED:

Dated: New York, New York
       November 9, 2012

                                    _____
                                    KATHERINE B. FORREST
                                    UNITED STATES DISTRICT JUDGE